IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MYRNA DEMARCUS,

        Plaintiff,

v.                                                  Civil Action No. 2:13-cv-20350

COOK INCORPORATED, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
*(Defendants' Motion for Summary Judgment)*

Pending before the court is Defendants Cook Incorporated, Cook Medical, Inc., and Cook Biotech, Inc.'s (collectively "Cook") Motion for Summary Judgment ("Motion") [Docket 24]. As set forth below, Cook's Motion is **GRANTED**.

**I.    Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are approximately 70,000 cases currently pending, nearly 400 of which are in the Cook MDL, MDL 2440. In an effort to efficiently and effectively manage this MDL, I ordered the parties to identify fifteen cases per side, for a total of thirty cases, to be included in a "discovery pool" wherein certain case-specific discovery would be conducted. (*See* Pretrial Order # 19, *In re Cook Med., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:13-md-02440, entered Dec. 19, 2013, *available at* http://www.wvsd.uscourts.gov/MDL/2440/index.html). From the group of thirty discovery pool

cases, I picked four bellwether cases. Well before trial, all four bellwether cases were dismissed by the plaintiffs with prejudice. In addition, only six of the original thirty discovery pool cases remain pending. Ms. Demarcus's case is one of the remaining discovery pool cases.

Plaintiff Myrna L. Demarcus was surgically implanted with the Biodesign or Surgisis Anterior Pelvic Floor Graft (the "Biodesign") on June 14, 2011. (Am. Am. Short Form Compl. [Docket 33], ¶¶ 8, 10). She received the surgery at a hospital in Atlanta, Georgia. (*Id.* ¶ 11). Her surgery was performed by Dr. Stephen R. Kovac. (*Id.* ¶ 12). The plaintiff brings the following claims against Cook: negligence; strict liability for manufacturing defect, failure to warn, defective product, and design defect; common law fraud; fraudulent concealment; constructive fraud; negligent misrepresentation; breaches of express and implied warranties; violation of consumer protection laws; gross negligence; unjust enrichment; and punitive damages. (*Id.* ¶ 13).

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an

essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases such as this. The choice of law for these pretrial motions depends on whether they involve federal or state law. "When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation." *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted). In cases based on diversity jurisdiction, the choice-of-law rules to be used are those of the states where the actions were originally filed. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, as Ms. Demarcus did in this case, I consult the choice-of-law rules of the state in which

the implantation surgery took place. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Demarcus received her implantation surgery in Georgia. (Am. Am. Short Form Compl. [Docket 16] ¶ 11). Thus, the choice-of-law principles of Georgia guide this court's choice-of-law analysis.

These principles compel application of Georgia law. Under Georgia law, tort cases are "governed by the rule of *lex loci delicti*, which requires application of the substantive law of the place where the tort or wrong occurred." *Carroll Fullmer Logistics Corp. v. Hines*, 710 S.E.2d 888, 890 (Ga. Ct. App. 2011) (citing *Dowis v. Mud Slingers, Inc.*, 621 S.E.2d 413, 419 (Ga. 2005)). Here, the alleged wrong occurred in Georgia, where Ms. Demarcus was implanted with the allegedly defective device. (*See* Am. Am. Short Form Compl. [Docket 16] ¶¶ 11, 13). Thus, I apply Georgia's substantive law to this case.

**III.    Analysis**

Generally, under Georgia law, medical causation must be established by testimony from a medical expert. *Cowart v. Widener*, 697 S.E.2d 779, 786 (Ga. 2010). Thus, the plaintiff here must offer a medical expert, such as her treating physicians, to testify on causation. The plaintiff states that she "intends to call her treating physicians at the trial of this matter." (Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J. ("Resp.") [Docket 26], at 5). However, there is no evidence in the summary judgment record before me at this moment—no depositions, affidavits, reports, or

4

anything else—regarding specific causation.[1] Without evidence of specific causation, the plaintiff cannot show that she has suffered an injury, which is an element of every claim brought by the plaintiff. Therefore, Cook's Motion on all of the plaintiff's claims is **GRANTED**.

IV. **Conclusion**

For the reasons discussed above, it is **ORDERED** that Cook's Motion [Docket 24] be **GRANTED** and that the plaintiff's case be **DISMISSED with prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 4, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] I note that the plaintiff has placed several expert reports on *general* causation in the record; they do not appear to contain any discussion on specific causation. Furthermore, these expert reports specifically identify ten discovery pool cases to which they relate and do not mention the plaintiff's case.